IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KAREEM MUHAMMAD,**

        Petitioner,

v.                                                                            Case No. 5:06-cv-32
                                                                            (Judge Stamp)

**JOYCE FRANCIS, Warden,**

        Respondent.

## OPINION/REPORT AND RECOMMENDATION

On March 17, 2006, the *pro se* petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The petitioner is an inmate at the Gilmer Federal Correctional Institution challenging the validity of a sentence imposed in the United States District Court for the Middle District of Tennessee. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

### I. Analysis

In the petition, the petitioner attacks the validity of his sentence rather than the means of execution and seeks release from his "void" sentence.[1] A review of petitioners' criminal case shows that petitioner has NOT applied for relief under 28 U.S.C. § 2255 in the sentencing Court.[2] Thus, it is clear that petitioner is now pursuing relief in this Court under § 2241 because

---

[1] Petitioner asserts that his sentence is void pursuant to the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). In Booker, the Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. Additionally, the Court severed the unconstitutional provisions from the Sentencing Reform Act, made the guidelines advisory, and established an unreasonableness standard of review for sentences on appeal.

[2] See United States v. Alfonzo Adams, 3:94-cr-25(1) (M.D.TN 1994). The Court notes that Mr. Muhammad is previously known as Alfonzo Adams. See case number 3:94-cr-25(1) at Doc. 71, 72 and 73; see also petitioners' previous filing in this Court, 3:05-cv-91, where petitioner is known as Kareem

filing a motion under § 2255 in the sentencing court would be barred as untimely. See 28 U.S.C. § 2255. However, under these circumstances, petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states that an application such as this one "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief . . . "

The petitioner seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Further, the Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the court concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

---

Muhammad, a/k/a Alfonzo Adams.

2

There is nothing in the petitioner's § 2241 petition which establishes that he meets the Jones requirements.[3] Consequently, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and he has improperly filed a § 2241 petition.

## II. Recommendation

Based on the foregoing, the undersigned recommends that the petitioner's § 2241 petition be DENIED and DISMISSED WITH PREJUDICE.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[4]

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: May 10, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[3] The conduct of which the prisoner was convicted has not been deemed not criminal by the Booker decision.

[4] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).