IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KAREEM MUHAMMAD,

    Petitioner,

v.                                             Civil Action No. 5:06CV32
                                                               (STAMP)

JOYCE FRANCIS, Warden,
FEDERAL CORRECTIONAL INSTITUTION-GILMER,
BUREAU OF PRISONS,
DEPARTMENT OF JUSTICE,
OFFICE OF THE SOLICITOR GENERAL
and ROBERTO GONZALES,
Attorney General of the United
States Department of Justice,

    Respondents.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Introduction

Kareem Muhammad ("Muhammad"), formerly known as Alfonzo Adams, was convicted of armed robbery of a United States Post Office and sentenced by the United States District Court for the Middle District of Tennessee to 270 months imprisonment. On June 4, 1996, the United States Court of Appeals for the Sixth Circuit affirmed Muhammad's conviction.

On March 17, 2006, Muhammad, acting pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of West Virginia. Pursuant to the Local Rules, United States Magistrate Judge John S. Kaull reviewed Muhammad's petition and entered a

report and recommendation on May 10, 2006. Magistrate Judge Kaull recommended the petitioner's complaint be dismissed with prejudice based on the preclusive effects of 28 U.S.C. § 2255. Muhammad has filed no objection to Magistrate Judge Kaull's report and recommendation and the deadline for such an objection has passed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because no objections have been filed, this Court reviews under the "clearly erroneous" standard and is of the opinion that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

### III. <u>Discussion</u>

In his petition, Muhammad argues that his prison sentence is void because his Fifth and Sixth Amendment rights were violated. He further claims that his supervised release constitutes double jeopardy when coupled with imprisonment and that his sentence is void based on the holding in <u>United States v. Booker</u>, 543 U.S. 220, 233 (2005). Finally, Muhammad complains that supervised release is not a possible penalty for his criminal conviction. This Court finds Muhammad's petition should be denied for the reasons stated by the magistrate judge and confirmed below.

2

A.  <u>Petition Barred by § 2255</u>

The magistrate judge found that the petitioner's § 2241 is barred by the "gatekeeping" provisions of § 2255. See <u>In Re Jones</u>, 226 F.3d 328, 332-33 (4th Cir. 2000). Specifically, § 2255 bars a petitioner from filing a § 2241 petition in instances when a § 2255 petition would be adequate. 28 U.S.C. § 2255. Under Fourth Circuit law, a prisoner's recourse under § 2255 is not inadequate simply because his § 2255 petition is procedurally barred. <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997). For example, a late or inappropriately filing does not render § 2255 inadequate. <u>Id.</u>

In this action, the petitioner has never filed a petition pursuant to § 2255 and he was procedurally barred from doing so at the time he filed his § 2241 petition at issue in this action. See 28 U.S.C. § 2255. Muhammad's failure to timely file a § 2255 petition does not allow him to now bypass the "gatekeeping" provisions of § 2255 by challenging his imprisonment pursuant to § 2241. Instead, Muhammad must show that a petition under § 2255 is "inadequate or ineffective to test the legality of a conviction" pursuant to the test established by <u>In re Jones</u>. Specifically, a § 2241 petition may be available to a prisoner despite the gatekeeping provisions of § 2255 when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not be criminal; and (3) the prisoner

3

cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-334.

In this action, even if Muhammad satisfies the first and the third elements of Jones, armed robbery of a United States Post Office remains a criminal offense, and therefore Muhammad cannot satisfy the second element of Jones. Id. at 334. Accordingly, Muhammad's petition is barred by the gatekeeping provisions of § 2255 and must be denied as recommended by the magistrate judge.

B. Booker and Double Jeopardy Arguments

As a final matter, this Court finds the petitioner's Booker and double jeopardy arguments to be without merit. First, the petitioner claims that any sentence associated with the United States Sentencing Guidelines is per se void pursuant to United States v. Booker, 543 U.S. 220 (2005). Under Fourth Circuit law, Booker is not applied retroactively and does not void Muhammad's sentence in this case. See United States v. Morris, 429 F.3d 65, 71 (4th Cir. 2005).

Second, the petitioner claims supervised release in addition to a prison sentence is impermissible double jeopardy. The Double Jeopardy Clause, which ensures "total punishment [does] not exceed that authorized by the legislature," United States v. Bowe, 309 F.3d 234, 238 (4th Cir. 2002), is simply inapplicable to Muhammad's sentence that includes a period of supervised release authorized by statute. 18 U.S.C. § 3583.

## IV. Conclusion

Because this Court concludes that the magistrate judge's recommendation is without clear error, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the petitioner's § 2241 petition is DENIED WITH PREJUDICE, and it is further ORDERED that this action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The clerk is directed to transmit copies of this order to the pro se petitioner and to counsel of record herein.

DATED:   June 16, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE